1  **BOIES SCHILLER FLEXNER LLP**
   ALBERT GIANG, State Bar No. 224332
2   *agiang@bsfllp.com*
   MICHAEL D. ROTH, State Bar No. 217464
3   *mroth@bsfllp.com*
   725 South Figueroa Street, 31st Floor
4  Los Angeles, California 90017-5524
   Telephone: (213) 629-9040
5  Facsimile: (213) 629-9022

6  Fiona Tang (SBN 298101)
    *ftang@bsfllp.com*
7  1999 Harrison Street, Suite 900
   Oakland, California 94612
8  Telephone: (510) 874-1000
   Facsimile: (510) 874-1460
9  Attorneys for Defendant Eaze Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FARRAH WILLIAMS, | Case No. 18-CV-02598-JD |
| Plaintiff, | **DEFENDANT EAZE SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY** |
| v. | |
| EAZE SOLUTIONS INC, | **Judge:** Hon. James Donato<br>**Arbitration Hearing:** September 13, 2018 |
| Defendant. | Complaint Filed: May 2, 2018<br>Trial Date: Not Set |

## I. INTRODUCTION

Plaintiff cannot credibly claim that Eaze raised "new arguments" in its Reply in Support of Motion to Compel Arbitration ("Reply"). From the beginning, Eaze has been clear that it seeks to to enforce the delegation clause of Plaintiff's own arbitration agreement—an argument first presented in its Motion to Compel Arbitration ("Motion") and reiterated in its Reply. Plaintiff was fully aware of Eaze's request to enforce the delegation clause from the Motion, and she could and should have raised arguments challenging that agreement to delegate in her Opposition to Eaze's Motion to Compel Arbitration ("Opposition"). But Plaintiff's Opposition made the strategic choice to focus elsewhere, *making no mention whatsoever of the delegation clause that Eaze was specifically enforcing*, because Plaintiff had no serious argument about the simple (and legal) agreement to delegate disputes. Eaze's Reply simply pointed out that waiver and redirected attention back to the relevant delegation clause. Plaintiff cannot now attempt to show good cause for sur-reply arguments, which could have been raised earlier and which are wrong in any event. *See, e.g.*, *Buckeye Check Cashing, Inc.v. Cardegna*, 546 U.S. 440, 445-46 (2006) (treating illegality challenges not as "formation" disputes, but as disputes about validity of overall contract that must be delegated to arbitrator). Thus, her Motion for Leave to File Sur-Reply should be denied.

## I. PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY SHOULD BE DENIED

Sur-replies are disfavored in this District. Civil L.R. 7-3(d). The party seeking to submit a sur-reply has the burden of demonstrating that "good cause" exists for permitting the additional filing. *See In re Toys "R" Us, Inc. Privacy Litig.*, No. 00-CV-2746, 2001 WL 34517252, at * 1 n.1 (N.D. Cal. Oct. 9, 2001); *Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-02024-RMW, 2016 WL 4427490, at *1 n.1 (N.D. Cal. Aug. 22, 2016) (denying motion for leave to file sur-reply "for failure to demonstrate good cause").

Contrary to Plaintiff's assertions, Eaze did not make "new arguments" in its Reply, nor did Eaze "mischaracterize[]" California law. As first explained in its Motion, Eaze is enforcing the delegation clause of the arbitration agreement, not other parts of the TOS. (*See, e.g.*, Mot. at 10-

1  12.)  Eaze's Motion also cited cases explaining that both delegation and arbitration are inherently
2  enforceable under the FAA (*see id.* at 7-8), which makes arbitration a "lawful object."  Not a
3  single case cited by Plaintiff in her Opposition or her request for additional briefing disputes that
4  arbitration is a "lawful object."  Instead, Plaintiff's sudden request for additional briefing cites
5  cases for the generic proposition that a contract must have a lawful object, without ever explaining
6  why arbitration—the subject of the delegation clause and the arbitration agreement that Eaze is
7  enforcing—is specifically unlawful.

8  A review of the Reply confirms that Eaze made no new arguments, but instead cited only
9  to its Motion and supporting legal authorities to *respond* to new issues raised by Plaintiff's
10 Opposition challenging the legality of the TOS.  It is *Plaintiff* who ignored Eaze's original
11 delegation arguments and raised illegality challenges to the rest of the TOS—but not to the
12 delegation clause or the arbitration agreement—for the first time in her Opposition.  Eaze was
13 absolutely entitled to respond to these Opposition arguments, including by pointing back to the
14 delegation clause that it flagged from the beginning.  *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d
15 1032, 1040 (9th Cir. 2003) (no abuse of discretion where district court considered arguments
16 "raised for the first time in the reply brief," noting "right to argue against" defenses raised in
17 opposition brief).

18 Further, Plaintiff's requested sur-reply is untimely, as she waited more than two weeks
19 after receiving Eaze's Reply on August 7.  Plaintiff's strategic choice to not address arguments
20 that Eaze first made in its Motion—compounded by the untimeliness of her request—does not
21 amount to good cause for additional briefing, and the lack of good cause is reason alone to deny
22 Plaintiff's request for leave to file a sur-reply.

23 **II.   IF PLAINTIFF'S MOTION IS GRANTED, EAZE SEEKS LEAVE TO RESPOND
        AND EXPLAIN WHY PLAINTIFF'S ARGUMENTS ARE FLATLY WRONG**
24
25 While Plaintiff cannot meet the procedural standard for filing a sur-reply, the substance
26 within the proposed sur-reply is also wrong because it contravenes well-established principles:
27 "First, as a matter of substantive federal arbitration law, an arbitration provision is severable from
28 the remainder of the contract.  Second, unless the challenge is to the arbitration clause itself, the

issue of the contract's validity is considered by the arbitrator in the first instance.  Third, this arbitration law applies in state as well as federal courts…. [W]e conclude that because respondents challenge the Agreement, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract.  The challenge should therefore be considered by an arbitrator, not a court." *Buckeye*, 546 U.S. at 445-46 (deferring illegality challenge to arbitrator).

Here, Plaintiff's request for leave shows that she continues to misapprehend *which agreement* Eaze is attempting to enforce:  the delegation clause in the arbitration agreement, which has an inherently "lawful object."  As Eaze has pointed out since the Motion, clear caselaw says that the delegation clause is treated as a discrete agreement analyzed on its own terms, severable from any agreement it is lodged in.  (Mot. at 16-18 (citing *McLellan v. Fitbit, Inc.*, 2017 WL 4551484 (N.D. Cal. 2017) and *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010).)  Delegation and arbitration agreements have the "lawful object" of simply sending disputes to arbitrators, the legality of which has been repeatedly enforced under the FAA.  (*See* Reply at 9-10 ("*the arbitrator* decides illegality challenges to the entire contract, even if the court compels arbitration in accordance with 'an arbitration agreement in a contract that the arbitrator later finds to be void'") (quoting *Buckeye*, 546 U.S. at 448-49).)  Nowhere does the delegation clause *or* the arbitration agreement mention marijuana.  And none of Plaintiff's illegality complaints about marijuana and the remainder of the TOS challenge the "lawful object" of *arbitration*, which is the subject of Eaze's Motion.[1]

Instead, Plaintiff is attempting to dodge the arbitration agreement that was lawful and that she cannot challenge, by complaining about the illegality of the remainder of the TOS.  *First*, there is no dispute that Plaintiff consented to the TOS, signed up for the Eaze platform, and used the very platform that she now complains is "unlawful."  (Mot. at 7-8; Reply at 7.)  So what Plaintiff

---

[1] To be clear, Eaze disputes Plaintiff's ironic claim that the rest of her TOS, which allowed her to use the Eaze technology platform about which she now complains, is illegal.  (*See* Reply at 4-6.)  Rather, the point is that this Court need not reach the rest of the TOS, given the clear (and undisputed) clause delegating such threshold disputes to the arbitrator.

is actually criticizing is *her own formation* of a contract that she personally used and benefited from. *See NORCAL Mutual Ins. Co. v. Newton*, 84 Cal.App.4th 64, 84 (2000) ("No person can be permitted to adopt that part of an entire transaction which is beneficial to him/her, and then reject its burdens.") (internal citation and quotation marks omitted).

*Second*, the relevant arbitration cases treat illegality challenges, particularly to terms *outside* of the arbitration agreement, as an affirmative defense that is plaintiff's—not defendant's—burden. (Reply at 9-10 (citing cases); *see generally Washington Capitols Basketball Club, Inc. v. Barry*, 419 F.2d 472, 477 (9th Cir. 1969) ("As no illegality of the contract is disclosed by plaintiff's complaint or the contract itself, illegality is an affirmative defense….").) None of Plaintiff's cited illegality cases concern arbitration, nor do they suggest a different burden-shifting standard. (*See* Opp. at 8.)

*Third*, Plaintiff refers generally to the term contract "formation," but fails to cite a single <u>arbitration</u> case where the formation analysis considered <u>the object of an arbitration agreement</u>. (Mot. For Leave at 2-3.) When courts adjudicate arbitration motions (like *McLellan* and *Rent-a-Center*) and discuss "contract formation," they mean whether the parties attempted "to conclude" an agreement to arbitrate, not whether the rest of the contract had a "lawful object." *See McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD, 2018 WL 1913832, at *1 (N.D. Cal. Jan. 24, 2018) (observing that formation challenges concern "whether any agreement between the alleged obligor and obligee was ever concluded"); *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 n.2 (2010) ("The issue of the agreement's 'validity,' is different from the issue whether any agreement between the parties 'was ever concluded'…."). But Plaintiff's "lawful object" challenge in the Opposition was framed only as a *post-hoc* complaint about "validity" or "enforceability" (which can be delegated to the arbitrator). (Opp. at 5 (describing lack of "lawful object" as rendering TOS "invalid and unenforceable").) Plaintiff did not dispute Eaze's *prima facie* evidence that she entered a contract through a routine clickwrap process (*see* Mot. 8-10) or otherwise claim that she never concluded/formed such a contract *in the first place*. To now recast her validity challenge as a "formation" challenge—in the hope that her late sur-reply can attack the delegation clause that she blatantly ignored in her Opposition—is procedurally improper and substantively incorrect.

BOIES SCHILLER FLEXNER LLP

1 *See Buckeye*, 546 U.S. at 444 n.1 (distinguishing plaintiffs' challenge about legality of overall contract containing the arbitration agreement, from challenges about contract "conclusion" which assert that parties never "signed the contract" in the first place).

4 *Fourth*, accepting Plaintiff's "legal object" argument eviscerates the presumption in favor of arbitration and delegation, under both federal and California law. As Plaintiff would have it, by claiming that the contract is somehow illegal (even though she consented to it), defendants would have to *disprove* that the rest of the contract is illegal (even though the relevant arbitration agreement is unquestionably legal) and courts would be required to review every such claim (even though the relevant arbitration agreement delegates such disputes about validity and enforceability to the arbitrator). This is not the law, and Plaintiff cannot make it so.

## II.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's request for leave to file a sur-reply. If the Court grants Plaintiff leave to file its sur-reply, which raises new challenges to formation for the first time, Eaze respectfully requests the opportunity to respond in full to the new formation arguments raised therein.

DATED:  August 28, 2018                     Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

By     /s/ Albert Giang
        ALBERT GIANG
Attorneys for Defendant Eaze Solutions, Inc.

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing was served electronically via the Court's electronic filing system on the date below upon all counsel of record in this matter.

DATED:  August 28, 2018           BOIES SCHILLER FLEXNER LLP
                                  ALBERT GIANG


                                  By    /s/ Albert Giang
                                        ALBERT GIANG
                                  *Attorneys for Defendant Eaze Solutions, Inc.*